# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL ACTION NO. 3:19-CV-00140-RJC-DSC

| | |
|---|---|
| **RAYMOND ROSADO JR.,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | ) |
| | ) |
| **TAM LENDING CENTER INC. et. al.,** | ) |
| | ) |
| **Defendants.** | ) |

## MEMORANDUM AND RECOMMENDATION

**THIS MATTER** is before the Court on Defendants' "Motion … to Dismiss … Complaint with Prejudice" (document #25) filed September 9, 2019. Pro se Plaintiff's response was due on September 26, 2019. Plaintiff has not responded to the Motion and the time for filing a response has expired.

This matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1) and this Motion is now ripe for the Court's consideration.

The Court has carefully reviewed the parties' submissions, as well as the record and authorities. For the reasons stated in Defendants' briefs, the Court respectfully recommends that the Motion be **GRANTED** and the Complaint be **DISMISSED**, as discussed below.

On August 2, 2019, Defendants filed their "Motion to Compel Service of Initial Disclosures and Written Responses and Documents to Defendants' First Set of Requests for Production of Documents and Interrogatories." Plaintiff did not respond to the Motion.

On August 22, 2019, the Court <u>granted</u> Defendants' Motion to Compel and <u>ordered</u> that <u>"[w]ithin fourteen days of the date of this Memorandum and Order, Plaintiff shall provide full and complete Initial Disclosures and responses to Defendants' First Set of Requests for Production of Documents and Interrogatories</u>." "Order" at 2 (document #24).

The Court warned Plaintiff that:

> Dismissal and the imposition of monetary sanctions are remedies available under Rule 37 for a party's failure to obey rules governing discovery and orders of the District Court. See Fed. R. Civ. P. 37(b)(2)(C); <u>National Hockey League v. Metro. Hockey Club</u>, 427 U.S. 639, 643 (1976); <u>Mutual Fed. Sav. & Loan v. Richards & Assocs.</u>, 872 F.2d 88, 92 (4th Cir. 1989); <u>Wilson v. Volkswagen of America, Inc.</u>, 561 F.2d 494, 504-04 (4th Cir. 1977).
> Accordingly, the Court warns Plaintiff that failure to provide full and complete Initial Disclosures and responses to Defendants' First Set of Requests for Production of Documents and Interrogatories or failure to respond to any other of Defendant's reasonable discovery requests, or to otherwise comply fully with any of the Court's Orders, the Local Rules, or the Rules of Civil Procedure may result in the imposition of sanctions. **Sanctions may include Plaintiff being ordered to pay Defendant's costs including reasonable attorneys' fees in their entirety, and may also include dismissal of the Complaint with prejudice.**

<u>Id.</u> at 1-2 (emphasis in original).

Plaintiff has failed to comply with the Court's Order and has not produced the discovery responses as ordered. Defendant seeks sanctions under Rule 37 as well as pursuant to the Court's inherent powers. <u>See</u> Fed. R. Civ. P. 37(b)(2) (sanctions for failing to obey a discovery order); <u>Chambers v. NASCO</u>, Inc., 501 U.S. 32, 43 (1991) (court's inherent powers). Plaintiffs' conduct here raises an issue of bad faith. <u>Mitchell v. Winston-Salem</u>, 1:04CV1103, 2006 WL 889552, at *3 (M.D.N.C. 2006) (dismissing case for discovery misconduct, other misconduct, and failure to respond to motion for summary judgment). "The fact that plaintiff is proceeding <u>pro se</u> does not require a different result. Following rules and evincing an interest in one's own proceeding do not require special legal training, but rather are universal prerequisites for an orderly judicial system, if not the hallmark of well intending individuals." <u>Id.</u> at *4. See also <u>Rabb v. Amatex Corp.</u>, 769

F.2d 996, 999 (4th Cir. 1985) (Rule 37(b) sanctions apply to orders compelling discovery responses and "any order to provide or permit discovery" including pretrial orders).

## RECOMMENDATION

**FOR THE FOREGOING REASONS**, the undersigned respectfully recommends that Defendants' "Motion … to Dismiss … Complaint with Prejudice" (document #25) be **GRANTED** and the Complaint be **DISMISSED WITH PREJUDICE**.

## NOTICE OF APPEAL RIGHTS

The parties are hereby advised that, pursuant to 28 U.S.C. § 636(b)(1)(c), written objections to the proposed findings of fact and conclusions of law and the recommendation contained in this Memorandum must be filed within fourteen days after service of same. Failure to file objections to this Memorandum with the District Court constitutes a waiver of the right to de novo review by the District Judge. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005); Wells v. Shriners Hosp., 109 F.3d 198, 201 (4th Cir. 1997); Snyder v. Ridenour, 889 F.2d 1363, 1365 (4th Cir. 1989). Moreover, failure to file timely objections will also preclude the parties from raising such objections on appeal. Thomas v. Arn, 474 U.S. 140, 147 (1985); Diamond, 416 F.3d at 316; Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Wells, 109 F.3d at 201; Wright v. Collins, 766 F.2d 841, 845-46 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk is directed to send copies of this Order to pro se Plaintiff, defense counsel and to the Honorable Robert J. Conrad, Jr.

**SO RECOMMENDED AND ORDERED**.

.

Signed: September 30, 2019

David S. Cayer
United States Magistrate Judge